623 S.E.2d 341 (2006)
In the Matter of R.D.R., A Minor Child.
No. COA05-651.
Court of Appeals of North Carolina.
January 3, 2006.
Attorney General Roy Cooper, by Assistant Attorney General Christine Goebel, for the State.
Kathryn L. VandenBerg, Hillsborough, for juvenile-appellant.
*343 BRYANT, Judge.
On 21 July and 17 August, 2004 three petitions were filed against R.D.R.[1] (the juvenile), charging him with breaking and entering, trespass, and injury to real property. A fourth petition was filed against the juvenile on 2 September 2004, charging him with intimidating a witness. An adjudication hearing for the charges of breaking and entering, trespass, and injury to real property was held on 2 and 3 September 2004 before the Honorable Bradley Reid Allen, Sr. At the close of the adjudication hearing, the district court found the juvenile delinquent of all charges alleged in the petitions before the court.
After adjudicating the juvenile as delinquent on the three misdemeanor charges, the district court reviewed the petition charging the juvenile with intimidation of a witness and heard from both the State and the juvenile on the issue of custody. The district court then continued the disposition hearing for one week and ordered the juvenile into secure custody until 9 September 2004, the date of his scheduled hearing on the charge of intimidating a witness.
On 9 September 2004, an adjudication hearing on the charge of intimidating a witness was held before the Honorable James K. Roberson. The juvenile was found delinquent and Judge Roberson proceeded to a disposition hearing on all offenses and entered a disposition order on 20 September 2004. The juvenile appeals.
The juvenile presents two issues on appeal: (I) whether the district court erred in failing to dismiss the charge of intimidating a witness; and (II) whether the district court erred in delaying the disposition hearing following the 3 September 2004 adjudication and in ordering the juvenile into custody without adequate justification.

I
The juvenile first argues the district court erred in failing to dismiss the charge of intimidating a witness because the evidence was insufficient as a matter of law to show he made a threat or intended to intimidate a witness from testifying. We disagree.
The law governing a ruling on a motion to dismiss is well established.
"The trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. State v. Gibson, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995). The trial court must also resolve any contradictions in the evidence in the State's favor. State v. Lucas, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility. Id.

State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001). "If the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence." State v. Smith, 40 N.C.App. 72, 79, 252 S.E.2d 535, 540 (1979).
To withstand the juvenile's motion to dismiss in the instant case, the State was required to show substantial evidence of each essential element of the crime of intimidating a witness:
If any person shall by threats, menaces or in any other manner intimidate or attempt to intimidate any person who is summoned or acting as a witness in any of the courts of this State, or prevent or deter, or attempt to prevent or deter any person summoned *344 or acting as such witness from attendance upon such court, he shall be guilty of a Class H felony.
N.C. Gen.Stat. § 14-226 (2003). The juvenile argues the evidence of the alleged threat was insubstantial, and further that there was no evidence showing the alleged threat was intended to intimidate a witness from testifying.
In the instant case, B.T., another juvenile, had admitted the allegations that he and the juvenile had broken into and entered a local mill. In open court and in the juvenile's presence, B.T. agreed to be a witness for the State against the juvenile concerning his charge of breaking and entering. While B.T. was sitting in court and after he agreed to be a witness for the State, the juvenile stood up, turned toward B.T. and mouthed the words "I'm going to kick your ass." Court Counselor Heather Maddry saw the juvenile mouth his threat at B.T. Maddry went over to B.T. and asked if the juvenile threatened him and B.T. responded "Yes." This is sufficient evidence to establish that the juvenile attempted to intimidate B.T. by threats to prevent or deter B.T. from acting as a witness testifying against the juvenile at his upcoming hearing. This assignment of error is overruled.

II
The juvenile also argues that the district court erred in delaying the disposition hearing following the adjudication on 3 September 2004 and in ordering him into custody without adequate justification. We disagree.
The juvenile first argues that as the court counselor's recommended disposition report was completed and ready for the district court's review and no party sought a delay in the disposition hearing, the district court was required to immediately hold a disposition hearing. N.C. Gen.Stat. § 7B-2413 (2003) ("The court shall proceed to the dispositional hearing upon receipt of the predisposition report.") However, Section 7B-2406 of the North Carolina General Statutes directly addresses the issue of continuances for a hearing involving a juvenile matter: "[t]he court for good cause may continue the hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interests of the juvenile...." N.C. Gen.Stat. § 7B-2406 (2003). As the district court may continue a juvenile hearing for "good cause", our review is whether the district court abused its discretion. See, e.g., State v. Beck, 346 N.C. 750, 756, 487 S.E.2d 751, 755 (1997). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
"The purpose of dispositions in juvenile actions is to design an appropriate plan to meet the needs of the juvenile and to achieve the objectives of the State in exercising jurisdiction, including the protection of the public." N.C. Gen.Stat. § 7B-2500 (2003). In the instant case, a new charge of intimidating a witness was filed against the juvenile arising out of his actions during the adjudication hearing. As postponing disposition upon the three adjudicated misdemeanors would allow for the district court to take a more comprehensive view of the interests of both the juvenile and the State, it was reasonable for the district court to continue the disposition hearing until after the juvenile's adjudication on the charge of intimidating a witness. The juvenile has shown no abuse of discretion by the district court.
The juvenile also argues it was error for the district court to order him into secure custody until his hearing on the charge of intimidating a witness. "When a juvenile has been adjudicated delinquent, the court may order secure custody pending the dispositional hearing...." N.C. Gen.Stat. § 7B-1903(c) (2003). In its Order for Secure Custody the district court indicated two separate findings to support the juvenile's detention: (1) "The juvenile is charged with a felony and has demonstrated that he or she is a danger to property or persons"; and (2) "The juvenile has been adjudicated delinquent and the juvenile should be in secure custody pending the disposition hearing or pending placement pursuant to G.S. 7B-2506." As the district court had just adjudicated the juvenile delinquent on three different charges, the second *345 reason is sufficient to support the district court's order. This assignment of error is overruled.
Affirmed.
Judges CALABRIA and JACKSON concur.
NOTES
[1] Initials have been used throughout to protect the identity of the juvenile.